## J. B. WADSWORTH v. THE STATE.

*No. 975.   Decided March 18th, 1896.*

**Local Option—Unauthorized Sale by Clerk.**

Proof of a sale of liquor by a clerk of defendant, and in his absence and without his knowledge and consent, and against the express orders of the defendant, will not support a conviction for violation of local option.

APPEAL from the County Court of Parker.   Tried below before Hon. J. L. L. McCALL, County Judge.

This appeal is from a conviction for a violation of local option, the pun ishment assessed being a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case sufficiently.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law in force in Precinct No. 2, of Parker County, and prosecutes this appeal.   In the view we take of this case, it is only necessary to notice but one question, to-wit: the contention of appellant, that the tes- timony is wholly insufficient to support the conviction.   The evidence adduced on the trial discloses that R. D. Jones, the alleged purchaser, bought some whiskey, in said precinct, from one Shaw, appellant's clerk. It is conclusively proved, and not questioned by the testimony in this case, both for the State and for the appellant, that appellant never, at any time, sold Jones any whiskey, except on prescription.   It is proved by appellant, and not denied by the State, that if Shaw sold Jones any whiskey, it was done against the express orders of Wadsworth and in his absence, and that he knew nothing of said sale.   See, 2 Amer. and Eng. Ency. of Law, p. 714, note, for authorities.   The evidence does not support the conviction, and the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*